FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2008 AUG -6 PM 12: 41

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAGILLE H. DUPLESSIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-3923** |
| **BURL N. CAIN, WARDEN** | **SECTION "L"(2)** |

## TRANSFER ORDER

Petitioner, RAGILLE H. DUPLESSIS, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his November 1998 state court conviction and sentence for multiple counts of armed robbery.[1] To support his challenge, petitioner asserts the following grounds for relief:

1) He was denied effective assistance of counsel when defense counsel failed to file a critical discovery motion to obtain a police report;

2) The State withheld a police report which contained exculpatory evidence;

3) The victim identification process was flawed and should not have been

---

[1] Petitioner styled his pleading as a Writ of Mandamus. However, a mandamus order is an extraordinary remedy. It is available only when a petitioner establishes: (1) a clear right to relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy. In Re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997). In this case, petitioner requests that he be acquitted of all charges and immediately released from custody based on various grounds challenging the constitutionality of his conviction. Regardless of the manner in which petitioner styled his pleading, it is properly a habeas corpus petition for relief pursuant to 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Davis v. Fechtel, 150 F.3d 486, 487 (5th Cir. 1973) (construing mandamus petition as a section 2241 habeas petition).

admitted into evidence at trial; and

(4) Petitioner is actually innocent of the crimes based on the newly discovered evidence.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled Ragille Duplessis v. N. Burl Cain, La. State Prison, Civil Action 05-0591 "S"(2). In that petition, he alleged that the State withheld a supplemental police report which contained exculpatory evidence. The petition was dismissed with prejudice as time-barred by Judgment entered July 29, 2005. Petitioner appealed. The United States Fifth Circuit Court of Appeals denied his request for a certificate of appealability. Ragille Duplessis v. Burl Cain, Warden, Louisiana State Penitentiary, 05-30972 (5th Cir. 2006).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate

2

court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that RAGILLE H. DUPLESSIS's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 5th day of August, 2008.

_____
UNITED STATES DISTRICT JUDGE